DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the Lucas County Court of Common Pleas' judgment entry on resentencing, journalized on April 24, 2002. We affirmed appellant's
 {¶ 2} convictions, State v. Kuhn (Feb. 1, 2002), Lucas App. No. L-01-1274; however, we remanded this case for resentencing.
 {¶ 3} Appellant, Robert Kuhn, appeals the judgment entry on sentencing, and raises the following assignments of error:
 {¶ 4} "First Assignment of Error
 {¶ 5} "Defendant-appellant's sentences should be reversed as the trial court failed to comply with the mandates of R.C. 2919.14 [sic], and failed to comply with the court of appeals order in CL-01-1274, remanding the matter for sentencing consistent with its judgment.
 {¶ 6} "Second Assignment of Error
 {¶ 7} "The trial court erred when it ordered the defendant-appellant to pay court-appointed attorney fees, court costs, and to make an unspecified, unsubstantiated sum of restitution."
 {¶ 8} Contrary to appellant's arguments in his first assignment of error, we find that the trial court complied with our previous decision and made the necessary findings, pursuant to R.C. 2929.14(B), in sentencing appellant to greater than the minimum sentence allowed. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 9} Appellant argues with respect to his second assignment of error that the trial court erred in ordering him to pay the costs of court-appointed attorney fees, courts costs, and
 {¶ 10} an unspecified, unsubstantiated sum of restitution. We agree and find appellant's second assignment of error well-taken, in part.
 {¶ 11} The trial court ordered appellant "to pay any restitution, all prosecution costs, and any fees permitted pursuant to R.C.2929.18(A)(4)." As required by R.C. 2947.23, we find that the trial court properly ordered appellant to pay the costs of prosecution. However, as stated by this court in State v. Holmes (Nov. 8, 2002), 6th Dist. No. L-02-1141, 2002-Ohio-6185, ¶ 20, "prosecution costs" do not include the costs for court-appointed attorney fees, as such can only be awarded pursuant to R.C. 2941.51. Contrary to appellant's argument, we find that the trial court did not order appellant to pay the costs of court-appointed counsel.
 {¶ 12} We find, however, that before imposing a sanction pursuant to R.C. 2929.18(A)(4), which includes the costs of confinement and certain mandatory fines, the trial court is required to consider "the offender's present and future ability to pay the amount of the sanction * * *." R.C. 2929.19(B)(6) and State v. Holmes, supra, at ¶ 21. We find that there is nothing in the record indicating that the trial court considered appellant's present and future ability to pay. Accordingly, insofar as the trial court failed to comply with R.C. 2929.19(B)(6), we find that it was plain error for the trial court to order appellant to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 13} With respect to the trial court's award of restitution, a review of the record shows that the amount of restitution appellant was ordered to pay was not specified either at the
 {¶ 14} sentencing hearing or in the judgment entry of sentence. Accordingly, we find that the trial court erred by failing to determine the exact amount of restitution as required by R.C. 2929.18(A)(1). SeeState v. Dearing (May 16, 2003), 6th Dist. No. L-02-1050,2003-Ohio-2524; State v. Day (Apr. 11, 2003), 6th Dist. No. L-02-1013,2003-Ohio-1863, ¶ 7; and State v. Jones (Apr. 11, 2003), 6th Dist. No. L-02-1047, 2003-Ohio-1865, ¶ 6-7.
 {¶ 15} On consideration whereof, this court orders that the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is remanded to the trial court for further proceedings to determine appellant's present and future ability to pay any fees permitted pursuant to R.C. 2929.18(A)(4) and to further consider the issue of restitution. The state is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Handwork, P.J., concurs.